# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2113

_____

Leo Inmon,                                          *
                                                    *
                                                    *
            Appellee,                               *
                                                    *   Appeal from the United States
      v.                                            *   District Court for the
                                                    *   Eastern District of Arkansas.
Arkansas Department of Correction;                  *
Larry Norris, Director, ADC; Ronald                 *
Dobbs, Warden ADC; Rick Toney,                      *
Warden ADC; James Gibson,                           *
Internal Affairs ADC,                               *
                                                    *
            Appellants.                             *

_____

Submitted: February 16, 2001

Filed: April 13, 2001

_____

Before BOWMAN, HEANEY and L0KEN, Circuit Judges.

_____

HEANEY, Circuit Judge.


I.  BACKGROUND


      Leo Inmon, an African-American, was employed by the Arkansas Department
of Correction (ADC) beginning in 1978.  In 1982, Inmon joined a discrimination

lawsuit against ADC. Pursuant to a 1988 consent decree, Inmon was promoted to an Assistant Warden position in 1989. After a 1997 investigation by ADC's internal affairs division into alleged disciplinary violations, Inmon received a two-week suspension without pay and eighteen months probation. While the initial investigation was underway, Inmon was involved in an incident in which he allegedly choked an inmate who was handcuffed. This incident also became the subject of an internal affairs investigation, which concluded that Inmon had violated additional ADC regulations. Inmon was terminated in August 1997.

Inmon subsequently filed a three-count complaint in the district court against ADC and a number of ADC employees, claiming his termination violated his Fourteenth Amendment due process rights, the Arkansas Civil Rights Act, and Title VII of the Civil Rights Act of 1964. Count Three, Inmon's Title VII claim, contained an allegation that the defendants "conspired to deprive [Inmon] of the equal protection of the laws." (App. at 10 ¶ 53.) Defendants moved for summary judgment, arguing, inter alia, they were entitled to qualified immunity. The district court rejected the qualified immunity claim, determining there remained a material factual dispute as to whether Inmon had been disciplined more harshly than similarly-situated white employees. In language invoking the Fourteenth Amendment's Equal Protection clause, the court concluded that "[i]f the defendants treated the plaintiff differently than similarly situated white employees, then they violated clearly established law." Inmon v. Arkansas Department of Correction, No. PB-C-98-530, slip op. at 3 (E.D. Ark. April 21, 2000). ADC and the individual defendants appeal, and we reverse.

II. DISCUSSION

As an initial matter, we are obliged to address Inmon's argument that we lack jurisdiction over this interlocutory appeal. Although the contours of immediate appellate jurisdiction over denials of qualified immunity are not entirely clear, see generally 15A Charles Alan Wright et al., Federal Practice and Procedure § 3914.10

(2d ed. 1992 & Supp. 2000), we have adhered to the view that we have jurisdiction to the extent such an appeal turns on "abstract issues of law," Mueller v. Tinkham, 162 F.3d 999, 1002 (8th Cir. 1998).

In their brief and initially at oral argument, appellants argued that the district court erred in denying qualified immunity because there was no evidence to support Inmon's assertions that he was disciplined more harshly than similarly situated white employees. This challenge to the sufficiency of plaintiff's evidence, however, seems to be precisely the sort of question that we lack jurisdiction to decide. See Lyles v. City of Barling, 181 F.3d 914, 918 & n.3 (8th Cir. 1999).

However, it became apparent at argument that there was a more fundamental problem with the district court's denial of qualified immunity: Inmon's complaint failed to allege the equal protection violation upon which the district court's qualified immunity determination was based. Although we have been unable to find precedent addressing the jurisdictional question in precisely this context, we believe the pleading defect identified at oral argument presents the sort of abstract legal issue, distinct from the merits of the case, that we are empowered to decide in an appeal of this nature. Cf. Johnson v. Jones, 515 U.S. 304, 314-15 (1995) (immediately appealable decision involves question of law "significantly different from those that underlie the plaintiff's basic case"). Put another way, appellant's evidentiary argument implicates the genuineness of the factual dispute identified by the district court, a matter that we may not now consider; a gap in the pleadings, however, concerns the materiality of the dispute, which is properly considered in this type of appeal. Cf. Colston v. Barnhart, 146 F.3d 282, 284-85 (5th Cir. 1998).

Having concluded that our exercise of jurisdiction over this appeal is proper, the merits are relatively simple. We believe the district court erred in denying qualified immunity based on a factual dispute that did not relate to any claim properly pleaded by the plaintiff. Barring amendment of Inmon's complaint, the dispute identified by the

district court is irrelevant. Inmon's allegation of difference in discipline along racial lines is, of course, highly relevant to his Title VII claim against ADC, a claim that remains viable.

Accordingly, we reverse the district court's denial of qualified immunity for the individual defendants, and remand the matter for further proceedings.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.